**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEPHANIE PURIFOY-HARVEY, | : | |
| AS EXECUTRIX OF THE ESTATE OF | : | |
| ERNESTINE T. JOHNSON, DECEASED, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:24-cv-06449-JMG |
| | : | |
| WYM OP HOLDINGS, LLC, | : | |
| d/b/a WYOMISSING HEALTH AND | : | |
| REHABILITATION CENTER, *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                **April 22, 2026**

### I.    OVERVIEW

Plaintiff Stephanie Purifoy-Harvey, as Executrix of the Estate of Ernestine T. Johnson,

seeks to file a Second Amended Complaint after the deadline set forth in the Scheduling Order.

She asks to rename Defendant New Premier Management, LLC as a defendant and re-add her

request for punitive damages. For the reasons set forth below, the Court finds that Plaintiff has

good cause to amend the Scheduling Order, and leave to amend is appropriate under Federal Rule

of Civil Procedure 15(a)(2).

### II.    BACKGROUND

Plaintiff brings this case on behalf of the estate of her mother, Ernestine T. Johnson. *See*

Am. Compl. ¶¶ 1-4 (ECF No. 10). Plaintiff alleges that Ms. Johnson suffered from preventable

illness and injuries, caused by the actions and omissions of Defendants WYM Op Holdings, LLC

d/b/a Wyomissing Health and Rehabilitation Center ("Facility"), Premier Healthcare, LLC a/k/a

Premier Healthcare Management, LLC ("Premier"), New Premier Management, LLC ("New

Premier"), Yosef Gerson, Aharon Bleier, and Christopher M. Troutman, NHA (collectively, "Defendants"). Plaintiff, the Facility, Premier, Gerson, and Bleier executed a Stipulation to: (1) dismiss Troutman from the action with prejudice; (2) strike and dismiss claims for punitive damages without prejudice; and (3) strike all claims of  intentional, knowing, willful, wanton, outrageous, and reckless conduct without prejudice. *See* Stip. (ECF No. 20). Plaintiff and Defendants (the "Parties") executed another Stipulation dismissing New Premier without prejudice, but Defendants agreed not to object to additional discovery to confirm "New Premier's lack of ownership, control, management, and/or association with the Facility." *See* Stip. (ECF No. 21). The Parties also stipulated that Defendants would not object on statute of limitations grounds to re-add New Premier as a defendant. *See id.*

Plaintiff now files two separate motions, seeking to amend the Scheduling Order by re-adding claims for punitive damages and renaming New Premier as a defendant. *See* Pl.'s Mem. of L. in Supp. of Pl.'s Mot. for Leave to Amend the Scheduling Order and to File a Second Am. Compl. to Add or Rename Def. New Premier Management, LLC ("Mot. to Rename New Premier") (ECF No. 49); Pl.'s Mot. for Leave to Amend the Scheduling Order and to File a Second Am. Compl. to Add Claims for Punitive Damages ("Mot. to Add Punitive Damages") (ECF No. 51). Defendants did not file opposition briefs.

### III.    LEGAL STANDARD

Resolution of Plaintiff's Motion turns on Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4). "[W]hen a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4)" applies. *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020); *see also Shrieves v. Phila. Facilities Mgmt. Corp.*, No. 19-4865, 2020 WL 7240450, at *4 (E.D. Pa. Dec. 8, 2020) (explaining a request to

amend pleading after scheduling order's deadline "now implicates the effective administration of justice" (quoting *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010)). The party seeking leave to amend must meet the "good cause" standard before the Court "considers whether the party also meets Rule 15(a)'s more liberal standard." *Premier Comp Sols., LLC*, 970 F.3d at 319.

The existence of good cause depends, in part, on the moving party's diligence. *See id.* Courts evaluate diligence by "considering all relevant circumstances," such as: "(1) whether the [movant] failed to ascertain facts prior to filing the [pleading] and to acquire information during the discovery period; (2) whether the information supporting the proposed amendment was available to the [movant]; and (3) whether even after acquiring the information the [movant] delayed in seeking the amendment." 3 MOORE'S FED. PRAC. - CIV. § 16.13(1)(a) (2026).

"If the moving party knows or is in possession of the information that forms the basis of the later motion to amend before the deadline has passed, the party is presumptively not diligent." *Shrieves*, 2020 WL 7240450, at *5 (citation modified) (quoting *Price*, 737 F. Supp. 2d at 280). However, this presumption "may be rebutted by a cogent explanation as to why the proposed amendment was not included in the original pleading." *Price*, 737 F. Supp. 2d at 280.

"Once good cause is shown, a court may determine whether justice requires the amendment under Rule 15." *Banks v. City of Phila.*, 309 F.R.D. 287, 293 n.4 (E.D. Pa. 2015). Rule 15(a) allows pleadings to be amended with leave of court and "directs that courts 'should freely give leave when justice so requires.'" *Harris v. Steadman*, 160 F. Supp. 3d 814, 816-17 (E.D. Pa. 2016) (citing FED. R. CIV. P. 15(a)). While this Rule encourages the Court to liberally permit amendments, granting leave is still within the Court's sound discretion. *CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 629 (3d Cir. 2013).

3

In determining whether to grant leave to amend, the Court is guided by the factors set forth in *Foman v. Davis*, 371 U.S. 178 (1962). *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017). "Denial of leave to amend can be based on undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility." *Id.* (citing *Foman*, 371 U.S at 182). These factors are not exhaustive. *Id.* Additionally, the Court may also "ground its decision, within reason, on consideration of additional equities, such as judicial economy/burden on the court and the prejudice denying leave to amend would cause" to the movant. *See id.* at 149-50 (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)). Given Rule 15(a)'s liberal standard, the burden rests with the party opposing amendment to show the existence of these factors. *See White v. Bush*, No. 20-CV-2059, 2021 WL 2255981, at *6 (E.D. Pa. June 3, 2021); *Ogelsby v. Ferguson*, No. 19-CV-5598, 2021 WL 2935987, at *3 (E.D. Pa. July 13, 2021).

IV.     ANALYSIS

a. **"Good Cause" Under Rule 16(b)(4)**

Plaintiff has demonstrated that she has good cause for amending her pleading after the Scheduling Order's deadline. As to renaming New Premier as a defendant, Plaintiff did not know the nature of New Premier's involvement in staffing, budgeting, care, and supervision, as well as its relationship with Facility, until depositions taken in early 2026. *See* Mot. to Rename New Premier, at 7-14. Likewise, depositions of certified nursing assistants ("CNA" or "CNAs") that were taken in January 2026 exposed that they reported understaffing and issues stemming from understaffing, including patients not being repositioned or being given treatments, but nothing changed. *See* Mot. to Add Punitive Damages, at 5, 12-15. This is all information that Plaintiff recently acquired, and it was not in her possession or control. Accordingly, she has good cause to amend the Scheduling Order.

### b. Rule 15(a)(2) and the *Foman* Factors

In addition to showing good cause, Rule 15(a)(2) must also be satisfied. The burden is on Defendants to show that leave should not be granted. *See White*, 2021 WL 2255981, at *6; *Ogelsby*, 2021 WL 2935987, at *3.

The facts discussed above, coupled with Defendants' lack of opposition, demonstrate that justice requires the Court to grant Plaintiff's Motions. Plaintiff agreed to dismissing New Premier based on New Premier's representation that it was not involved, and Plaintiff did not learn the extent of New Premier's involvement until a few months ago. She also recently learned from CNAs that Defendants repeatedly ignored understaffing-related complaints. And if the jury believes the CNAs' testimony—namely, that they complained about understaffing; observed Ms. Johnson covered with urine and dried feces; residents were not repositioned every two hours, fed, or helped out of bed when they asked; and Defendants would put on a "show" when the Department of Health was present and go "[b]ack to the old way" when the Department left—their allegations are sufficiently outrageous to warrant Plaintiff's request punitive damages. *See Scampone v. Grane Healthcare Co.*, 11 A.3d 967, 991–92 (Pa. Super. Ct. 2010), *aff'd in part on other grounds sub nom. Scampone v. Highland Park Care Ctr., LLC*, 57 A.3d 582 (Pa. 2012). Accordingly, amendment is appropriate under Rule 15(a)(2).

### V.    CONCLUSION

For the foregoing reasons, Plaintiff's Motions are **GRANTED**. An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

5